UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELLYLEE A. SEXTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:04-CV-704 RM |
| vs. ) | |
| ) | |
| DAN McBRIDE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Kellylee A. Sexton, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Sexton alleges that the conditions of the strip cell in which he was held for seven days, the holding cell in which he was held for eight days, and the strip cell in which he was held for fifteen days from December 15, 2003 to January 14, 2004 violated prison policies. The violation of a prison rule or policy does not state a claim under § 1983, so the claims based on those violations must be dismissed. *See* Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001).

Mr. Sexton also alleges that those conditions violated the Eighth Amendment. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, Farmer v. Brennan, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971).

2

Mr. Sexton alleges that his mattress and bedding were removed from his cell at 8 a.m. and returned at 5 p.m., thereby denying him access to a bed for nine hours during the day. He alleges that he was served sack meals wrapped in plastic wrap without a tray, thereby requiring him to sit on the floor and eat out of the bag and off of the unwrapped plastic. He alleges that he was restricted to the clothing he was wearing and that he did not have any additional clothing in his cell. He alleges that the water and toilet were only turned on four times a day for ten minutes at a time, thereby requiring him to wait to drink and flush. Even though these were undoubtedly inconvenient, uncomfortable, and unpleasant circumstances, they did not deny Mr. Sexton the minimal civilized measure of life's necessities and therefore they did not violate his constitutional rights. These claims must be dismissed.

Mr. Sexton alleges that he was denied visitation and recreation during these thirty days. He alleges that he was denied mail, paper, envelopes and stamps. He alleges that his access to his legal paperwork was either prohibited or limited to 11 hours a day. He alleges that he was denied a Bible. None of these brief limitations while in segregation denied him the minimal civilized measure of life's necessities and none of them violated his constitutional rights. *See* Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) ("Respondents do not argue -- nor can it seriously be contended, in light of our prior cases -- that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause."); Thomas v. Ramos, 130 F.3d 754, 764 (7th Cir.1997) (70-day denial of

3

exercise while in segregation held permissible.); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) ("[A]n isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment."); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000) (mere delay of a legal claim which does not result in its loss does not state a claim.); Johnson-Bey v. Lane, 863 F.2d 1308, 1308 and 1310 (7th Cir. 1988) ("The 'free' exercise of religion thus is rather a misnomer in the prison setting." "[T]he prison is entitled to curtail these rights to the extent necessary to protect security."). Mr. Sexton was in segregation and none of these brief restrictions are uncommon nor constitutionally impermissible while a prisoner is in a segregation unit. These claims will be dismissed.

Mr. Sexton also alleges that he spent eight days in a holding cell without running water or a toilet. Mr. Sexton doesn't allege, and based on this complaint it would not be reasonable to infer, that he was denied adequate hydration and sanitation. The constitution does not require that cells have either running water nor toilets. Mr. Sexton does not allege that he was denied adequate water to drink during these eight days nor that his excretory functions were not accommodated in a sanitary manner. Therefore these claims will also be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: April 25, 2005

4

                                                          /s/ Robert L. Miller, Jr.
                                                        Chief Judge
                                                        United States District Court